UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZAKIRAH DANIELS | : |
| | : |
| and | : Civil Action No.: |
| | : |
| TYRONE JONES JR., | : |
| Plaintiffs, | : |
| | : |
| v. | : |
| | : |
| PROFESSIONAL DEBT MEDIATION, INC., | : |
| JOHN DOE, | : |
| Defendant. | : |

**COMPLAINT**

**A.   Jurisdiction and Venue**

1. Jurisdiction arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, 1337(a), together with the pendent jurisdiction of the court. Supplemental jurisdiction over Plaintiff's state law claims is granted by 28 U.S.C. § 1367(a).

2. Venue lies in this judicial district in that the events which gave rise to this claim occurred here and the property which is the subject of the action is situated within this district.

**B.   Parties**

3. Plaintiff ZAKIRAH DANIELS is a natural person who resides at 833 E. Hilton St., Phila., PA 19134.

4. Plaintiff TYRONE JONES JR. is a natural person who resides at 833 E. Hilton St., Phila., PA 19134.

5. Defendant PROFESSIONAL DEBT MEDIATION, INC. ("PDM") is a corporation with principal offices at 8657 Baypine Road, Jacksonville FL 32256. Defendant regularly attempts to collect debts alleged to be due another and is a debt collector as defined by

15 U.S.C. §1692a(6).

6. Defendant JOHN DOE whose real or dunning name is "K. Sanchez" (hereinafter "Defendant Sanchez") is a natural person employed by Defendant as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. At all times herein, Defendant Sanchez acted within the knowledge and direction of PDM and its actions as agent are imputed to its principal, PDM, thereby.

C. **Factual Allegations**

**The Debt and its Prior Settlement**

8. The disputed debt in question in was several months back rent allegedly owed by the plaintiffs to their former landlord/creditor, Aududon Apartments ("Creditor"), care of its property manager, MMT Philly LLC (hereinafter "the Debt").

9. On or about August 2022, Creditor sought to collect the debt against Plaintiffs through its law firm in Philadelphia Landlord Tenant court under docket no. LT-22-08-23-5970.

10. On or about November 4, 2022, Creditor and plaintiffs entered into a Judgment by Agreement whereby plaintiffs would vacate the subject apartment by an agreed date and pay three (3) months rent and upon fulfillment of these terms the balance of the $10,696.99 disputed balance would be waived and an Order to Vacate judgment filed (*see* Ex. A).

11. On or about January 19, 2023, Plaintiffs having settled the debt with the Creditor, an Order to Vacate signed by the presiding judge was docketed, *see* Ex. B.

**Collection of the Debt**

12. Beginning on or about April 13, 2023, PDM began contacting Plaintiffs concerning the debt by sending a written letter communication purporting to be a debt validation

letter response to plaintiff's request for same. Attached to the letter communication was documentation of an alleged outstanding judgment balance owed to the Creditor for back rent.

13. Plaintiffs did not know about the aforesaid April 13, 2023, PDM letter communication until they received it in August 2023 via postal mail forwarding having vacated their prior residence as alleged above herein.

14. Upon receipt of the PDM letter, Plaintiffs contacted the Creditor who advised Plaintiffs to send the relevant court documents to PDM indicating that the debt was resolved.

15. On or about September 11, 2023, Plaintiffs contacted PDM by phone regarding the debt and their intent to send PDM the court documents indicating that the debt was fully settled.

16. PDM responded by providing Plaintiffs with Defendant Sanchez' email address and advised them further to expect his response within 48 hours of Plaintiffs' email being received.

17. Thereafter on the same date, Plaintiffs emailed the documents to Defendant Sanchez that reflected settlement of the debt.

18. On or about October 19, 2023, Plaintiffs emailed Defendant Sanchez requesting a response to their debt collection dispute.

19. On the same date, Defendant Sanchez telephoned Plaintiffs and, in a rude and aggressive tone, responded that he didn't care what the court documents said and that Plaintiffs owed the debt regardless.

20. Thereafter, Plaintiffs had their credit pulled in connection with seeking a loan to purchase a home and discovered that PDM continued to inaccurately report the debt with an open balance owed in each of their credit histories.

21. Plaintiffs have suffered severe emotional distress and anxiety as a result of defendants' conduct.

**D.    Cause of Action**

### COUNT I – Violations of the FDCPA

22. The allegations above are re-alleged and incorporated herein by reference.

23. At all times relevant hereto Defendants were attempting to collect an alleged debt to it which was incurred for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

24. Defendants, by their conduct as described above, violated the FDCPA as follows:

   a) §1692d, Engaged in conduct the natural consequence of which is to harass, oppress, or abuse a person;

   b) §1692d(2), Used abusive language;

   c) §1692e, Used any other false, deceptive, or misleading representation or means in connection with the debt collection;

   d) §1692e(2), Misrepresented the character, amount, or legal status of the alleged debt;

   e) §1692e(5), Threatened to take any action that cannot legally be taken or that is not intended to be taken;

   f) §1692e(10), Used false representation or deceptive means to collect a debt or obtain information about a consumer.

25. In the alternative, Defendants, by their conduct as described above, violated the FDCPA as follows:

   a) §1692f, Used any unfair or unconscionable means to collect or attempt to collect the alleged debt;

   b) §1692f(1), Attempt to collect any amount not authorized by the agreement creating the debt or permitted by law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

A. Statutory damages pursuant to 15 U.S.C. § 1692k;

B. Actual damages under the FDCPA;

C. Reasonable attorney fees and costs.

## TRIAL BY JURY

23. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed. R. Civ. Pro. 38.

Dated: <u>Oct. 23, 2023</u>                    /s/ Robert P. Cocco
ROBERT P. COCCO, P.C.
Attorney for Plaintiff
Pa. Id. No. 61907
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
(215) 351-0200
bob.cocco@phillyconsumerlaw.com